## Commonwealth v. Keefer

*Frederick S. Wolfson, Assistant District Attorney*, for Commonwealth.

*Joseph C. Mesics, Public Defender,* for defendant.

GATES, *P. J.*, November 18, 1974—The matter before us requires an interpretation of Pa. R. Crim. P. 1100, referred to as the "prompt trial" rule. The line has been drawn because the following occurred:

On August 9, 1973, a criminal complaint was filed by a representative of the Department of Public Welfare of the Commonwealth of Pennsylvania charging defendant, Brenda Keefer, with violating the public assistance law. Specifically, she is charged with obtaining $1,320 from the Commonwealth by misrepresenting that she had no earnings from employment when, in fact, she was employed by Kraft Foods in Palmyra, Pa., beginning in August of 1972. The complaint discloses that defendant lives at 52 West Main Street, Palmyra, Pa. The alleged offense occurred on or about February 7, 1973.

On August 14, 1973, a summons was mailed to defendant and it was returned with a notation "whereabouts unknown—unclaimed."

Nothing further was done at the request of the agent of the Department of Public Welfare, who at the time indicated to the district justice that he would try to locate defendant and that the case was to be held up.

On April 22, 1974, a warrant was issued for the

arrest of defendant. The warrant was given to the sheriff's department for execution.

A deputy sheriff made one trip to the address set forth in the warrant at 52 West Main Street, Palmyra, Pa., and learned that she was not there and that she had moved away. Nothing further was done by the deputy sheriff. He did not go to the post office to find out if there had been a forwarding or new address left with them and, more importantly, he did not go to the Kraft Foods Division in Palmyra, Pa., where, from the complaint, it was indicated that defendant was employed beginning in August 1972.

In August of 1974, defendant heard that a warrant was issued for her and she called the district justice on the telephone. Thereafter, she voluntarily came to the district justice's office where she was arraigned and placed on nominal bail. A preliminary hearing was waived on August 23, 1974, and the case returned to court.

On September 4, 1974, defendant filed an application to dismiss the charge with prejudice as mandated by Rule 1100 of the Pennsylvania Rules of Criminal Procedure.

On August 29, 1974, we held a hearing on the application.

Rule 1100 requires, in pertinent part, that:

"(a) (1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

It cannot be contested that the case comes within this rule and that the case was not called for trial within 270 days from the date on which the com-

plaint was filed. However, the Commonwealth contends that subparagraph (d) of Rule 1100 excludes from the 270 days any period of delay which results from the unavailability of defendant. In the comments to Rule 1100 it is noted that: "For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence."

The focus then is on the due diligence aspect of the rule.

Defendant testified that she lived at 52 West Main Street, Palmyra, from September 1972 until April of 1973. At that time, she moved to 10 North Harrison Street in Palmyra. From there, she moved in August of 1973 to 20 East Broad Street, in Palmyra. On each occasion, she testified she did leave a forwarding address at the Palmyra Post Office. She worked from August of 1972 to the date of the hearing at Kraft Foods Company in Palmyra.

The constable with the warrant testified, as perhaps is natural, quite vaguely about what was done to effect service of the warrant. The only recollection that he had was that he did attempt to serve the warrant on one occasion at 52 West Main Street in Palmyra. He did not check with the Palmyra Post Office for forwarding addresses or for address information of any kind pertaining to defendant. More importantly, he did not check at the Kraft Foods Company in Palmyra where, from the complaint itself, we know she was employed since August of 1972. In brief, the Commonwealth has not demonstrated to us that due diligence was

employed in attempting to serve the warrant. It is difficult for us to understand how it would be difficult to locate a person in a town the size of Palmyra with only one post office and one Kraft Foods Company to contact concerning the present whereabouts of defendant. Under these circumstances, we believe that Rule 1100 must be invoked.

## ORDER OF COURT

And now, November 18, 1974, after hearing, defendant's petition to dismiss with prejudice is granted.